## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS WILLIAMS,         )
                                 )
          **Plaintiff,**        )
                                 )
              **vs.**          )     **Civil Case No.   04-810-MJR-PMF**
                                 )
FASIL AHMED,            )
                                 )
          **Defendants.**     )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 46).  The motion is opposed (Doc. No. 53).[1]

Plaintiff. Travis Williams, is proceeding on Count 1, a challenge to the conditions of his former confinement at Menard Correctional Center.  He claims that defendant Dr. Ahmed violated his Eighth Amendment right to be free from cruel and unusual punishment between September and October, 2004, by responding with deliberate indifference to his serious medical need for treatment of a stomach ulcer.

In seeking judgment in his favor, defendant argues that plaintiff is unable to satisfy the subjective element of his Eighth Amendment claim by proving deliberate indifference.  Plaintiff maintains that deliberate indifference may properly be inferred from the circumstances.

---

[1]  A portion of plaintiff's response suggests that he is asking that summary judgment be entered in his favor (Doc. No. 53, p. 3).  Motions for summary judgment were due several weeks before the response was filed (Doc. No. 45).  Because plaintiff's cross-motion was presented out of time and without leave, it is not considered.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

In order to succeed on Count 1, plaintiff must prove two elements. *Estelle v. Gamble*, 429 U.S. 97 (1976). This report focuses on the second element: deliberate indifference.

The evidence, viewed in plaintiff's favor, shows that he was evaluated by defendant Dr. Ahmed on September 24, 2004. Dr. Ahmad asked plaintiff to weigh himself. He checked plaintiff's vital signs and recorded the information in plaintiff's medical chart. He also asked plaintiff to describe his medical problem, at which point plaintiff described his symptoms and requested treatment for a stomach ulcer. Dr. Ahmed instructed plaintiff to lay on an examination table and performed a partial physical examination – focusing on the area where plaintiff reported symptoms. During the examination, Dr. Ahmed pressed, and "poked" plaintiff's abdomen in different locations and instructed plaintiff to indicate which areas felt sore. Following the examination, Dr. Ahmed informed plaintiff that he had diagnosed a pulled a stomach muscle. He recommended that plaintiff return to his cell and rest. Plaintiff disagreed with the diagnosis and the treatment recommendation. He informed Dr. Ahmed that he did not need rest because he had been resting for nine months. Dr. Ahmed did not order further diagnostic testing at that time and did not make any effort to obtain copies of plaintiff's prior medical records.

Subsequently, plaintiff's medical condition was evaluated by a nurse practitioner on two

occasions. This individual provided plaintiff with medicine. Plaintiff was also seen by Dr. Fry and one of Dr. Fry's assistants. Dr. Fry admitted plaintiff to the prison infirmary and prescribed additional medicine. Sometime in October, 2004, defendant Dr. Ahmed arranged for plaintiff to have diagnostic testing performed. The testing involving x-ray equipment. When Dr. Ahmed reviewed the test results, he discontinued the medicine prescribed by Dr. Fry and prescribed different medicines. The new medicines relieved plaintiff's symptoms.

A difference of opinion regarding the way in which a medical condition is to be treated does not give rise to a constitutional violation. *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001). When a person challenges a professional treatment decision under the deliberate indifference standard, he or she must show more than a classic error in medical judgment. There must be evidence of a substantial departure from accepted judgment, practices, or standards. In those circumstances, deliberate indifference may reasonably be inferred. *Estate of Cole v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996).

Plaintiff maintains that the evidence would support a finding that defendant Dr. Ahmed provided no medical treatment at all on September 24, 2004. Because Dr. Ahmed evaluated plaintiff's medical concerns, examined plaintiff's abdomen, formed an impression regarding the nature of plaintiff's ailment, and offered advise regarding the proper treatment, the Court is not persuaded that the evidence would support that finding.[2]

Plaintiff also argues that deliberate indifference may be inferred from Dr. Ahmed's refusal

---

[2] Even if the Court assumes that treatment was delayed, the materials submitted could not support a delay of treatment claim. *See Langston v. Peters*, 100 F.3d 1235, 1240(7th Cir. 1996)(when treatment is delayed, the record must contain medical evidence verifying the detrimental effect of the delay).

to accept plaintiff's medical history and request for treatment of a stomach ulcer. The cases relied on do not support plaintiff's position, and the Court is not aware of any case holding that a physician acts with deliberate indifference when he or she declines to formulate a treatment plan based solely on the patient's medical history and lay opinion.

Plaintiff also argues that deliberate indifference may be inferred from the mistaken diagnosis, which he attributes to Dr. Ahmed's unwillingness to hear his demands. The record contains no competent evidence that plaintiff had a stomach ulcer when Dr. Ahmed performed the September 24, 2004, evaluation. Hence, there is no factual basis supporting an inference that Dr. Ahmed failed to properly diagnose plaintiff's ailment. Moreover, the evidence presented could not support a finding that Dr. Ahmed's initial impression departed in any significant way from accepted judgment, practices, or standards.

The evidence may permit an inference that Dr. Ahmed failed to promptly prescribe medicines that provided effective relief of plaintiff's symptoms. At most, plaintiff offers evidence of negligence, which is insufficient to show an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 107.

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 46) be GRANTED. Judgment should be entered in favor of defendant and against plaintiff on Count I. If this recommendation is adopted, no claims will remain for decision.

**SUBMITTED:**   June 2, 2008  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**