# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TRAVIS WILLIAMS, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Case No. 04-CV-0810-MJR-PMF |
| v. | ) |
| FAISAL AHMED, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

On November 8, 2004, Travis Williams filed the above-captioned civil rights action under 42 U.S.C. §1983 against Dr. Faisal Ahmed (Doc. 1). Williams alleges that while he was confined at Menard Correctional Center, Dr. Ahmed violated his Eighth Amendment right to be free from cruel and unusual punishment when Dr. Ahmed was deliberately indifferent to his serious medical needs concerning a stomach ulcer.

On March 27, 2008, Defendant moved for summary judgment (Doc. 46). On April 30, 2008, Williams filed a response to Defendant's motion for summary judgment (Doc. 53).[1] On June 6, 2008, United States Magistrate Judge Philip M. Frazier submitted a Report and Recommendation urging the undersigned District Judge to grant the Defendant's summary judgement motion (Doc. 64). Williams timely filed objections to the Report on June 11, 2008,

---

[1] The Magistrate Judge notes, and undersigned District Judge agrees, that plaintiff missed the deadline to submit a cross-motion for summary judgment, so any of Williams's arguments that summary judgement should be entered in his favor will not be considered.

arguing the Magistrate Judge was prejudicial towards him, that the Magistrate Judge improperly refused to appoint counsel for his civil proceedings, and that a genuine issue of material fact still remains as to the adequacy of Dr. Ahmed's diagnosis and treatment.

Accordingly, the Court now undertakes *de novo* review of the portions of the report to which objects were made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject, or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

For the reasons explained below, the Court **OVERRULES** Williams's objections and **ADOPTS** the Report and Recommendation in its entirety.

### B.  Analysis

Summary judgement is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgement as a matter of law. ***Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008) (citing FED. R. CIV. P. 56(c); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007))**. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. ***Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc.*, **221 F.3d 944, 950 (7th Cir. 2000).** The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986).**

In ruling on a summary judgment motion, this Court must construe the evidence and all inferences reasonably drawn therefrom in the light most favorable to the non-moving party. ***Tas Distribution Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 764 (7th Cir. 2007)**. Thus, the Court construes all facts and makes all reasonable inferences in favor of Williams in ruling on Defendant's motion for summary judgment.

**1. Williams's Deliberate Indifference Claim**

The Eighth Amendment protects citizens from cruel and unusual punishment. **U.S. CONST. AMEND. VIII**.[2] The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. ***Farmer v. Brennan*, 511 U.S. 825 (1994)**; ***Estelle v. Gamble*, 429 U.S. 97, 104 (1976)**. This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it does not include "negligen[ce] in diagnosing or treating a medical condition." ***Estelle*, 429 U.S. at 106;** *see also* ***Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), cert. denied, 519 U.S. 897 (1996)**.

> In order to prevail under this theory, a prisoner must satisfy two requirements:
>
> The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at [834], 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id*.

***Vance v. Peters*, 97 F.3d 987, 991-92 (7th Cir. 1996), cert. denied, 520 U.S. 1230 (1997)**.

---

[2] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

***Farmer*, 511 U.S. at 842.**

The Seventh Circuit's decisions following this standard require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. A defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. "Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health—that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995), cert. denied, 516 U.S. 993 (1995); *see also Steele*, **82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*);** *Miller v. Neathery*, **52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction)**. However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would actually occur. *Haley v. Gross*, **86 F.3d 630, 641 (7th Cir. 1996)**.

Magistrate Judge Frazier recommends granting summary judgement in favor of the

Defendant, finding that there is no evidence of deliberate indifference on the part of Dr. Ahmed. Williams objects to the recommendation and insists that he was given absolutely no medical care by Dr. Ahmed. Applying both the subjective and objective standards of deliberate indifference, this Court finds that Williams cannot establish that Dr. Ahmed was deliberately indifferent.

In support of his claim, Williams relies on his own statements that Dr. Ahmed ignored his symptoms and refused to give him any form of medical treatment. Upon questioning during his deposition, however, Williams acknowledged that Dr. Ahmed evaluated him on September 24, 2004. Dr. Ahmed asked Williams what was his complaints were, told him to lay down on the table, and proceeded to press on his stomach and the surrounding areas (Doc. 46-2, Williams Depo. at 18). Williams additionally conceded that Dr. Ahmed took his blood pressure, temperature, and measured his weight. All of this information was recorded in his chart (Doc. 46-2, Williams Depo. at 21). Dr. Ahmed then diagnosed Williams with a pulled stomach muscle and ordered Williams to rest.

Upon further consultation with Dr. Fry in October, Dr. Ahmed arranged for a diagnostic GI test to be performed on Williams (Doc. 46-2, Williams Depo. at 26). When that test revealed a stomach ulcer, Dr. Ahmed prescribed new medication for Williams to take (Doc. 46-2, Williams Depo. at 26-27). This medication relieved Williams's symptoms so that he no longer felt pain or discomfort (Doc. 46-2, Williams Depo. at 27).

Williams has offered no evidence that objectively or subjectively shows Dr. Ahmed was deliberately indifferent to his medical needs. Instead, the record indicates that Dr. Ahmed performed a full examination of Williams based on his symptoms during Williams's September 24, 2008 visit. At that time, Dr. Ahmed diagnosed a pulled muscle. Even assuming that Williams

actually had an ulcer at that time and Dr. Ahmed missed it, there is no evidence that Dr. Ahmed had a sufficiently culpable state of mind. At most, the record could support a finding that Dr. Ahmed was negligent in his diagnosis. But this clearly does not rise to the level of deliberate indifference.

Moreover, Williams returned within the next month, at which time Dr. Ahmed performed a GI test, diagnosed Williams's ulcer, and promptly provided medication. According to Williams's own testimony, this medication was enough to relieve his discomfort and repair the ulcer. In light of all of the evidence in the record, then, it is clear that Williams's allegations cannot support a finding of deliberate indifference.

Accordingly, the Court finds that there are no genuine issues of material fact for trial, and the Defendant is entitled to summary judgment.

## 2. Appointment of Counsel

Williams also claims that Magistrate Judge Frazier improperly refused to appoint counsel in this case. By way of background, Williams initially requested counsel be appointed on November 6, 2007 (Doc 32). On November 26, 2007, Judge Frazier denied this request as premature, as Williams had not yet made any effort to seek out counsel on his own to represent him (Doc 36). Williams filed a second motion for appointment of counsel on June 11, 2008 (Doc. 69). Judge Frazier again denied this request as premature on October 10, 2008 (Doc. 73).

Neither of these Orders are properly before the Court at this time, as the Report does not address the issue of counsel. However, the Court notes that *pro se* litigants in a civil action have no constitutional or statutory right to be represented by Court appointed counsel, and the Court has no obligation to appoint counsel. ***Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992) (quoting *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987)).** Nonetheless, **28 U.S.C. §**

**1915(e)(1)** permits the Court, in its discretion, to appoint counsel where the litigant cannot afford to hire an attorney. The Court will appoint counsel in a few select cases where an attorney's assistance seems particularly appropriate or important.

In such situations, the Seventh Circuit has indicated that the Court should make a threshold inquiry into whether the movant has made unsuccessful attempts to obtain counsel. ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).** Where the Court is satisfied that the movant either made reasonable attempts to obtain counsel, or that circumstances precluded him from doing so, the Court should ask, "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* **at 654.** The Seventh Circuit has noted that these "inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* **at 655.** In determining the level of difficulty involved in the case, the Court should consider whether the factual and legal difficulty of the case "exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* In determining the plaintiff's competency, the Court may consider any relevant evidence available, including (but not limited to) the plaintiff's literacy, educational level, communication skills, prior litigation experience, psychological history, and intellectual capacity. *Id.* The Court may inform its decision by considering the pleadings, communications from, and any contact with the plaintiff. *Id.*

As the Court has repeatedly explained, Williams has not taken any steps to obtain counsel. Failure to undertake this threshold requirement dooms Williams's request for counsel. And in any case, Williams has successfully briefed and filed a complaint, responded to the Defendant's motions, drafted his own motions, and objected to the Magistrate Judge's Report and

Recommendation in clear and understandable terms.

Accordingly, Williams's objection is overruled on this ground as well. The Court's refusal to appoint counsel on his behalf is not a sufficient basis to warrant denial of the Defendant's motion for summary judgment.

## 3. Judicial Impartiality

In addition to Williams's objection concerning lack of counsel, he also complains that Judge Frazier was prejudiced against him during the course of these proceedings. This allegation is unfounded and without support. There is no indication of prejudice in the record. The mere fact that Williams is unhappy with the Court's rulings is not enough to support the baseless claim that Judge Frazier has acted improperly in adjudicating this action.

As a result, this objection has no merit whatsoever.

## C. Conclusion

Accordingly, the Court hereby **OVERRULES** Williams's objections (Doc. 70), **ADOPTS** the June 6, 2008 Report and Recommendation in its entirety (Doc. 64), **GRANTS** Defendant's motion for summary judgment (Doc. 46), and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Ahmed and against Williams.

As no pending claims remain, this case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**

**DATED this 31st day of March 2009**.

         **s/ Michael J. Reagan**
         **Michael J. Reagan**
         **United States District Judge**